**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 28 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALONZO JAMES JOSEPH, | No. 13-16205 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00122-CKD |
| v. | MEMORANDUM[*] |
| CALIFORNIA PRISON INDUSTRY AUTHORITY; et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding[**]

Submitted February 18, 2014[***]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

California state prisoner Alonzo James Joseph appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     Joseph consented to proceed before a magistrate.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

defendants were deliberately indifferent to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A.  *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011).  We affirm.

The district court properly dismissed Joseph's action because Joseph failed to allege facts demonstrating that defendants were deliberately indifferent to an excessive risk to his health by failing to recall soap before he suffered injuries from its use.  *See Toguchi v. Chung*, 391 F.3d 1051, 1057, 1060 (9th Cir. 2004) (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; mere negligence is insufficient to establish deliberate indifference); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief).

**AFFIRMED.**